J-S12029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                     :          PENNSYLVANIA
                                     :
            v.                           :
                                     :
                                     :
DEBORAH LYNN CHURCH         :
                                     :
           Appellant             :      No. 1728 MDA 2018

Appeal from the Judgment of Sentence Entered September 18, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003075-2017

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 09, 2019**

Appellant Deborah Lynn Church, appeals from the Judgment of Sentence entered in the Lancaster County Court of Common Pleas following her conviction of one count each of Retail Theft and Disorderly Conduct.[1]  With this appeal, Appellant's counsel has filed an Application to Withdraw as Counsel and an ***Anders***[2] brief.  We conclude that counsel's ***Anders*** brief is deficient.  Therefore, we deny counsel's Application to Withdraw and direct counsel to file either a compliant ***Anders*** brief or an advocate's brief.

On June 3, 2017, security personnel at the Bon-Ton store in Park City observed Appellant on the CCTV surveillance system and on the floor for approximately one half-hour as she put various merchandise in her cart,

_____

[1] 18 Pa.C.S. § 3929(a)(1) and 18 Pa.C.S. § 5503(a)(1), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

disappeared into the dressing room twice, and reappeared both times with the merchandise stuffed in bags and her purse. After Appellant walked out of the store with her cart without paying for the merchandise, security personnel escorted her back into the store as she loudly protested. They recovered the unpaid merchandise from Appellant's personal shopping bags; they also found unpaid merchandise and a pair of scissors in her handbag. In the fitting room, security personnel recovered the security tag that had been cut off one piece of merchandise. Officer Derek Kanuck of the Lancaster City Police Department arrested Appellant, and the Commonwealth charged her with Retail Theft and Disorderly Conduct.

On September 17, 2018, the court held a trial on the Retail Theft charge at which two Bon-Ton security persons, the arresting police officer, and Appellant herself testified. The court admitted a copy of the store's CCTV surveillance tape from the day of the incident. The jury found Appellant guilty. The next day, following a bench trial, the court found Appellant guilty of the summary offense of Disorderly Conduct.

On September 18, 2018, the court sentenced Appellant to, *inter alia*, three years of probation. Appellant did not file a post-sentence motion.

Appellant timely filed a Notice of Appeal. Thereafter, counsel filed a Statement of Intent to File **Anders** Brief in Lieu of Statement of Errors Complained of on Appeal. **See** Pa.R.A.P. 1925(c)(4). The trial court did not file a Rule 1925(b) Opinion. Appellant's counsel filed an **Anders** Brief and an

Application to Withdraw as Counsel with this Court. Appellant has not filed a response.

This Court may not review the merits of the underlying issues without first passing on the request to withdraw. *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010). In order for counsel to withdraw from an appeal, our Supreme Court has determined that counsel must file a brief pursuant to *Anders* that: (1) provides a summary of the procedural history and facts, with citations to the record; (2) refers to anything in the record that counsel believes arguably supports the appeal; (3) sets forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." *Id.*

In addition, counsel must provide a copy of the *Anders* brief to her client with a letter advising the client of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (citation omitted).

If counsel does not fulfill the technical requirements of *Anders*, we will deny the application to withdraw and remand the case with appropriate

instructions. ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

In the instant matter, our review of the ***Anders*** brief indicates it does not comply with the requirements set forth by the Pennsylvania Supreme Court in ***Santiago***, ***supra***. Counsel sets forth a bare recitation of the facts and identifies two issues of arguable merit on behalf of Appellant: (1) whether the evidence was sufficient to sustain Appellant's convictions for Retail Theft and Disorderly Conduct; and (2) whether the trial court abused its discretion in sentencing Appellant to three years' probation. ***Anders*** Brief at 6-8. Although counsel recites the events leading up to the Retail Theft Charge, she provides no details regarding the events leading to the charge of Disorderly Conduct. ***Id.*** In addition, counsel fails to discuss the statutes defining the elements of the crimes before she summarily concludes Appellant's issues are frivolous.[3] We, thus, conclude counsel has failed to comply with the requirements of ***Anders***.

Accordingly, we deny counsel's Application to Withdraw as Counsel and remand for the filing of a compliant ***Anders*** brief or an advocate's brief within

---

[3] Counsel does provide citation to the statute applicable to the Retail Theft conviction, 18 Pa.C.S. § 3929(a)(1), before observing that Appellant's sentence of probation was within the standard range of the sentencing guidelines and significantly less than the maximum term of seven years' incarceration that the court could have imposed. ***See*** Appellant's Br. at 7. Counsel also correctly concludes that the discretionary aspects of sentencing claim was not raised in a post-sentence motion and is, therefore, waived. ***Id***. at 8.

14 days of the date of this Memorandum. Appellant and the Commonwealth may respond within 14 days of counsel's filing of her brief.

Application to Withdraw as Counsel denied. Jurisdiction retained.